**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **EMPIRE PRIME CAPITAL** | § | |
| **INVESTMENTS, INC.,** | § | **CASE NO. 22-31121-mvl** |
| | § | **Subchapter V** |
| Debtor. | § | |

**DEBTOR'S PLAN OF REORGANIZATION**
**UNDER SUBCHAPTER V OF CHAPTER 11**

**Dated: September 26, 2022**

# TABLE OF CONTENTS

Article I.        INTRODUCTION.................................................................................4

Article II.       DEFINITIONS ...................................................................................4

Article III.      VOTING ON THE PLAN AND OBJECTIONS ...............................7

Article IV.       BACKGROUND.................................................................................8
        4.1       Background of the Debtor and Events Leading to Bankruptcy ...........8
        4.2       Significant Events Since the Petition Date........................................8
        4.3       Assets of the Debtor ........................................................................9
        4.4       Liabilities of the Debtor ..................................................................9
        4.5       Tax Consequences of the Plan .......................................................10

Article V.        LIQUIDATION ANALYSIS .............................................................11

Article VI.       PLAN OF REORGANIZATION.......................................................12
        6.1       Treatment of Unclassified Claims, Administrative Expense Claims, Priority
                  Claims, and U.S. Trustee Fees......................................................12
        6.2       Classification of Claims and Interests............................................14
        6.3       Claims and Interests Impaired Under the Plan.................................14
        6.4       Treatment of Classified Claims and Interests Under the Plan ...........14
        6.5       Implementation of the Plan ...........................................................16
        6.6       Feasibility of the Plan...................................................................16
        6.7       Provisions Regarding Distributions and Objections to Claims...........16
        6.8       Executory Contracts .....................................................................17

Article VII.      RESERVATION OF CLAIMS ..........................................................18
        7.1       Reservation of Claims and Causes of Action...................................18
        7.2       Return of Fraudulent Transfers .....................................................18

Article VIII.     EFFECT OF CONFIRMATION, DISCHARGE, RELEASES
                  AND INJUNCTION .......................................................................19
        8.1       Vesting of Property .......................................................................19
        8.2       Plan Creates New Obligations........................................................19
        8.3       Legal Binding Effect.....................................................................19
        8.4       Discharge.....................................................................................19
        8.5       Satisfaction of Claims and Interests ...............................................19
        8.6       Modification of the Plan................................................................19
        8.7       Retention of Jurisdiction ...............................................................20

Article IX.       MISCELLANEOUS PROVISIONS ..................................................21
        9.1       Request for Relief Under Bankruptcy Code § 1129(b)......................21
        9.2       Headings......................................................................................21
        9.3       Due Authorization.........................................................................21
        9.4       Further Assurances and Authorizations ...........................................21

9.5  Applicable Law ................................................................................................21
9.6  No Interest ......................................................................................................22
9.7  Post-Confirmation Actions..............................................................................22
9.8  Notices of Default ..........................................................................................22
9.9  Notices............................................................................................................22
9.10  Payment Dates................................................................................................22
9.11  De Minimis Distribution .................................................................................22

EXHIBITS:
  Exhibit 1 – Monthly Operating Reports
  Exhibit 2 – Schedule A/B
  Exhibit 3 – Projections (to be provided)

# ARTICLE I.  INTRODUCTION

This Plan of Reorganization Under Subchapter V of Chapter 11 (the "Plan") is proposed by Empire Prime Capital Investments, Inc., the debtor in this Bankruptcy Case (the "Debtor"). This case was initiated by the filing of a voluntary petition for relief by the Debtor on June 27, 2022, under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. This *Debtor's Plan of Reorganization Under Subchapter V of Chapter 11* is provided pursuant to the Bankruptcy Code to all the Debtor' known creditors and other parties in interest. Under the Plan the Debtor will pay all Allowed Claims in full. The details of the Plan are set out in Article VI of this document.

The Office of the United States Trustee appointed Katherine B. Clark to serve as the Subchapter V Trustee in this Case (the "Trustee").  The Trustee is responsible for monitoring the Case and ensuring the Debtor' compliance with the applicable provisions of the U.S. Bankruptcy Code.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

# ARTICLE II.  DEFINITIONS

Except as expressly provided herein or unless the context otherwise requires, the terms set forth in this Article II shall have the following meanings when used in initially capitalized form in this Plan. Any term used in initially capitalized form that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

2.1     "**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

2.2     "**Allowed Amount**" means the amount of any Allowed Claim.

2.3     "**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

2.4     "**Assets**" means property of the Estate.

**2.5**    "**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

**2.6**    "**Bankruptcy Case**" or "**Case**" means Case No. 22-31121 in the name of the Debtor pending before the Bankruptcy Court.

**2.7**    "**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

**2.8**    "**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

**2.9**    "**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

**2.10**    "**Bar Date**" means September 6, 2022, the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

**2.11**    "**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

**2.12**    "**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

**2.13**    "**Claimant**" or "**Creditor**" means the holder of a Claim or interest in the Assets.

**2.14**    "**Class**" means any class into which Claims are classified pursuant to Article VI of the Plan. Each subclass of a class shall be treated as a separate class.

**2.15**    "**Collateral**" means any Assets of the Debtor subject to a valid Lien held by a Secured Creditor.

**2.16**    "**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

**2.17**    "**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

**2.18**    "**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

**2.19**    "**Confirmation Order**" means the Order confirming this Plan.

**2.20**    "**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent,

or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

2.21    "**Debtor**" means Empire Prime Capital Investments, Inc., the Debtor herein. Where the context so requires, "**Debtor**" shall also include the Reorganized Debtor.

2.22    "**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

2.23    "**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

2.24    "**Estate**" means the bankruptcy estate of the Debtor in this Case.

2.25    "**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

2.26    "**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

2.27    "**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

2.28    "**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

2.29    "**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

**2.30**    "**Interest**" means any equity or ownership interest in the Debtor.

**2.31**    "**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

**2.32**    "**Order**" means an Order of the Bankruptcy Court.

**2.33**    "**Petition Date**" means June 27, 2022, the date on which an Order for Relief was entered by the Court.

**2.34**    "**Plan**" means this *Plan of Reorganization Under Subchapter V of Chapter 11*, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

**2.35**    "**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

**2.36**    "**Priority Wage Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4)(A).

**2.37**    "**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

**2.38**    "**Pro Rata**" means the proportionate share of a Claim in a Class in comparison to all Claims in the Class.

**2.39**    "**Schedules and Statements**" means and refers to each of the Debtor' bankruptcy schedules A/B, D-H and Statement of Financial Affairs.

**2.40**    "**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a).  Should the value of the collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the collateral and an Unsecured Claim for the remainder.

**2.41**    "**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## ARTICLE III.  VOTING ON THE PLAN AND OBJECTIONS

### 3.1    Who May Vote

You are entitled to vote on the Plan unless:

    (1)    your Claim or Interest is Disputed (as defined herein);

    (2)    your Class receives no distribution (presumed to reject the Plan);

(3)     your Class is "unimpaired" (presumed to accept the Plan – *See* Article VI to see if your Class is Impaired or unimpaired); or

(4)     your Claim is unclassified (and thus required by law to be paid in full).

If your Claim or Interest is Disputed, then you must file a motion and have it allowed for voting purposes (you must do that soon so that your motion can be heard before votes are counted). *See* Bankruptcy Rule 3018(a)).

### 3.2     How to Vote

Fill out and return the attached ballot (if you are entitled to vote) **by the deadline** and according to the other instructions in the enclosed order regarding voting and procedures.

### 3.3     Effect of Vote

After a plan of reorganization has been filed, it must either be accepted by holders of claims against, or interests in, the debtor, or be found by the Court not to discriminate unfairly and that it is fair and equitable with respect to each class of claims or interests that is impaired under the plan or that has not accepted the plan.

Acceptance of the plan by the Creditors and Equity Interest Holders is important. In order for the plan to be accepted by each class of claims, the creditors that hold at least two thirds (2/3) in amount and more than one-half (½) in number of the allowed claims actually voting on the plan in such class must vote for the plan and the equity interest holders that hold at least two-thirds (2/3) in amount of the allowed interests actually voting on the plan in such class must vote for the plan. A Subchapter V Chapter 11 does not require that each holder of a claim against, or interest in, the debtor vote in favor of the plan in order for it to be confirmed by the Court.

### 3.4     Who May Object

Even if you are not entitled to vote, you may object to Confirmation of the Plan if you believe that the requirements for Confirmation are not met (and if you are a party in interest in this bankruptcy case). For the deadlines and procedures to object, see the enclosed order.

## ARTICLE IV.  BACKGROUND

### 4.1     Background of the Debtor and Events Leading to Bankruptcy

The Debtor owns and collects rent from four properties located in Dallas, Arlington and Garland, Texas. The Debtor's rental revenue has declined during the COVID-19 pandemic, which led to the Debtor's inability to fully service its debt and ultimately the filing of this case.

### 4.2     Significant Events Since the Petition Date

**a.**     On September 16, 2022, creditor T Bank, N.A filed a Motion for Relief from Automatic Stay.  The Debtor filed an objection to the Motion and the matter is set for preliminary hearing on October 4, 2022.

  **b.** On September 16, 2022, the Court entered an order approving the Debtor's employment of Joyce W. Lindauer Attorney, PLLC as general bankruptcy counsel.

  **c.** The Monthly Operating Reports filed by the Debtor during the Case are attached hereto as **Exhibit "1"**.

**4.3**  <u>Assets of the Debtor</u>

The Debtor scheduled the following Assets owned as of the Petition Date:

| | |
|---|---|
| Cash | $10 |
| Security deposits from tenants (reimbursable) | $7,900 |
| Real property | <u>$1,060,710</u> |
| Total Assets | $1,068,620 |

 Such Assets are listed in detail on the Debtor's Schedule B, which is attached hereto as **Exhibit "2"**.

  **4.4**  <u>Liabilities of the Debtor</u>

 According to the Debtor's Schedules filed in his Case, the Debtor's liabilities (excluding Administrative Expense Claims) totaled $918,468.30 as of the Petition Date. Creditors may file Proofs of Claim that differ from the amounts shown in the Schedules.

 The Debtor' liabilities are further described as follows:

  **a.**  **Administrative Expense Claims.**

 The Estates will be liable for certain Administrative Expense Claims pursuant to Bankruptcy Code §503(b) through the Confirmation Date, including Fee Claims of Joyce W. Lindauer Attorney, PLLC as the Debtor's bankruptcy counsel. Before the Debtor pays any Fee Claims, the Bankruptcy Court will have determined the reasonableness of such fees and expenses.

  **b.**  **Secured Claims.**

 Tarrant County filed a Secured Claim for real property taxes of $16,581.10.

 Garland Independent School District filed a Secured Claim for real property taxes of $10,099.43.

 The City of Garland filed a Secured Claim for real property taxes of $6,085.24.

 Dallas County filed a Secured Claim for real property taxes of $4,505.17.

 T Bank, N.A. filed a Secured Claim of $231,721.88, secured by a first lien on the Debtor's real property located at 4816 Tamanaco Ct., Arlington, Texas 76017.

The Debtor scheduled a Secured Claim in the amount of $49,382.90 held by Prime Consulting, LLC, secured by a lien on the Debtor's real property.

The Debtor scheduled a Secured Claim in the amount of $625,803.48 held by Silver Hill Funding, secured by a lien on the Debtor's real property.

### c.   Priority Claims

The Texas Comptroller of Public Accounts filed a Priority Claim for $1,000.00.

### d.   Unsecured Claims

The Texas Comptroller of Public Accounts filed an Unsecured Claim of $100.00. Additional Unsecured Claims may be held by Secured Claimants with insufficient Collateral to cover the full amount of their Claims.

### e.   Security Deposits.

The Debtor holds reimbursable security deposits from tenants in the total amount of $7,900.00.

### 4.5   Tax Consequences of the Plan

**a.   Disclaimer.** The Debtor does not purport to provide tax advice to the holders of Claims. The following is intended only as a summary of possible federal income tax consequences of the Plan and is not a substitute for careful tax planning with a tax professional. The following is for information purposes only and is NOT tax advice. The tax consequences are in many cases uncertain and may vary depending on a holder's individual circumstances. Accordingly, holders of Claims are urged to consult with their tax advisors about the federal, state, local, and foreign tax consequences of the Plan on their tax returns and tax liabilities.

**b.   Tax Consequences.** Implementation of the Plan may result in federal income tax consequences to holders of Claims or Interests and the Debtor. Tax consequences to a particular Claim or Interest holder may depend on the particular circumstances or facts regarding the Claim or Interest. IRS Publication 908, entitled "Bankruptcy Tax Guide" provides valuable information regarding the federal income tax aspects of bankruptcy. The "Bankruptcy Tax Guide" is available directly from the IRS online at http://www.irs.gov/pub/irs-pdf/p908.pdf.

**c.   Cancellation of Debt.** Cancellation of the Debtor's debt ("**COD**") is generally considered as taxable income of the Debtor. COD is the amount by which the indebtedness discharged exceeds any consideration given in exchange. However, there are exceptions which prevent COD from being treated as taxable income. To the extent the Debtor is insolvent or the Debtor is discharged in a bankruptcy proceeding, as is the case at bar, the Internal Revenue Code excludes COD from income. The statutory exclusion for COD from the Debtor's gross income in a Chapter 11 bankruptcy case arises where a discharge is granted by the Court as is requested in the Plan.

**d.    Holders of Allowed Claims.** The tax consequences associated with distributions under the Plan to the holders of an Allowed Claim will depend on, among other things: (i) the consideration received or deemed to have been received by the holder of any such Claim; (ii) whether the Allowed Claim holder reports income on an accrual or cash basis; (iii) the taxable year in which any distributions under the Plan are received by the Allowed Claim holder; (iv) whether the Claim was Allowed or Contested/Disputed as of the Effective Date; and (v) whether such Allowed Claim holder had previously written the obligation off as bad debt. ALLOWED CLAIM HOLDERS ARE URGED TO CONSULT WITH THEIR TAX ADVISORS ABOUT THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

## ARTICLE V.  CHAPTER 7 LIQUIDATION ANALYSIS

Section 1129(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan of reorganization must provide at least as much value to each Impaired Creditor as could be realized in a liquidation under Chapter 7 of the Bankruptcy Code.

In determining whether the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtor's assets in Chapter 7. Such amounts must then be reduced by the costs and expenses of the liquidation. Further reductions would be required to eliminate cash and asset liquidation proceeds that would be applied to Secured Claims and amounts necessary to satisfy Priority Claims that are senior to general Unsecured Claims (and Administrative Expense Claims that may result from the termination of the Debtor's business and the liquidation of its assets).

**Liquidation Analysis**

Liabilities shown below are as scheduled by the Debtor.

The Debtor believes that in a Chapter 7 liquidation the Chapter 7 trustee would agree to lift the automatic stay to allow non-tax Secured Claimants to foreclose their liens on the Debtor's real property. Although the Debtor listed the value of such property as $1,060,710.00 in its Schedules, in such a foreclosure sale the proceeds of sale would likely be no more than 70% of that value, or $742,497.00.

Based on the above, the Debtor estimates that the results of a Chapter 7 liquidation would be as follows:

**Assets in Chapter 7 liquidation**

| | |
|---|---|
| Cash | $10 |
| Real property | $742,497 |
| Less 5% liquidation costs for real property | <u><$37,125></u> |
| **Total Assets** | **$705,382** |

**Liabilities**

| | |
|---|---|
| Administrative Expenses and UST Fees | $10,000[1] |
| Priority Claim of Texas Comptroller | $1,000 |
| Secured Claim of Tarrant County | $16,581 |
| Secured Claim of Garland ISD | $10,099 |
| Secured Claim of City of Garland | $6,085 |
| Secured Claim of Dallas County | $4,505 |
| Secured Claim of Silver Hill Funding | $625,803 |
| Secured Claim of T Bank | $231,722 |
| Secured Claim of Prime Consulting | $49,383 |
| General Unsecured Claims | $100 |
| Total Liabilities | **$955,278** |

*NOTE:* **As seen in the above chart, Unsecured Creditors (including the Unsecured portion of Secured Claims with insufficient collateral) would receive nothing on their Claims in a Chapter 7 liquidation.**

**Under this Plan, all Secured Creditors and Unsecured Creditors will receive payment of 100% of their Allowed Claims. Therefore, pursuant to the above liquidation analysis all Creditors will receive at least as much under this Plan as they would in a Chapter 7 liquidation.**

## ARTICLE VI.  PLAN OF REORGANIZATION

### 6.1    Treatment of Unclassified Claims, Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees

a.    **Unclassified Claims.** All Allowed Claims (except Administrative Expense Claims and Priority Tax Claims) are placed in Classes for all purposes, including voting on, confirmation of, and distributions under this Plan. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Allowed Priority Tax Claims have not been classified.

b.    **Administrative Expense Claims.** Each holder of an Administrative Expense Claim under Bankruptcy Code § 503 shall receive either: (i) with respect to Administrative Expense Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Administrative Expense Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim

---

1. Debtor's estimate.

becomes an Allowed Administrative Expense Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

    **1.**    <u>Fee Claims.</u> Each professional person whose retention with respect to this Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Expense Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The Subchapter V Trustee is a professional in this case. The failure to file timely any such application as required shall result in the Fee Claim being forever barred and discharged. A Fee Claim, with respect to which a Fee Application has been properly filed, shall become an Administrative Expense Claim only to the extent allowed by Final Order. Fee Claims shall be paid either: (i) with respect to Fee Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Fee Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Fee Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

    **2.**    <u>Administrative Expense Claims Bar Date.</u> Any other person or entity who claims to hold an Administrative Expense Claim (other than a Fee Claim) shall be required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely the application as required under this section) of this Plan shall result in the Claim being forever barred and discharged. An Administrative Expense Claim with respect to which an application has been properly filed and to which no timely objection has been filed or an objection has been filed but overruled by the Bankruptcy Court, shall become an Allowed Claim to the extent such Claim is allowed by Final Order.

    **c.**    **Priority Tax Claims.** Priority Tax Claims shall be paid in full over the time period from the Effective Date to the expiration of 60 (sixty) months from the Petition Date, with interest thereon at the rate of interest of 12% per annum. Interest shall begin to accrue as of the Petition Date. The Claims will be paid in equal monthly installments of principal and interest, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. These Claimants shall retain their pre- and post-Petition Date statutory Liens securing these Claims until they are paid in full. The Debtor believes there are no such Claims.

    **d.**    **Priority Wage Claims.** Any holder of an Allowed Priority Wage Claim within the meaning of Bankruptcy Code § 507(a)(4) will be paid in full in three (3) equal monthly installments of principal and interest at the rate of 2% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. The Debtor believes there are no such Claims.

### 6.2     Classification of Claims and Interests

Claims against the Debtor, excluding Administrative Expense Claims, Priority Tax Claims and Priority Wage Claims, are divided into the following Classes:

**Class 1 Claims:**  Allowed Secured Claims of Tarrant County.

**Class 2 Claims:**  Allowed Secured Claims of Garland ISD

**Class 3 Claims:**  Allowed Secured Claims of City of Garland

**Class 4 Claims:**  Allowed Secured Claims of Dallas County

**Class 5 Claims:**  Allowed Secured Claims of Silver Hill Funding

**Class 6 Claims:**  Allowed Secured Claims of T Bank, N.A.

**Class 7 Claims:**  Allowed Secured Claims of Prime Consulting, LLC

**Class 8 Claims:**  Allowed General Unsecured Claims.

**Class 9 Equity Interests:** Equity Interest Holders.

### 6.3     Claims and Interests Impaired Under the Plan

The Claims in all the above Classes are Impaired and entitled to vote on this Plan, with the exception of Class 9 Equity Interests, which are not Impaired.

### 6.4     Treatment of Classified Claims and Interests Under the Plan

### General Provisions Regarding Treatment of Claims.

All Allowed Secured Claimants shall retain all their liens on any Collateral securing their Claims.

No Claimant shall be entitled to a pre-payment penalty if their Claim is paid early.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder.

**Class 1: Allowed Secured Claims of Tarrant County.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. Interest shall begin to accrue on the Petition Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 2: Allowed Secured Claims of Garland ISD.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. Interest shall begin to accrue on the Petition Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 3: Allowed Secured Claims of City of Garland.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. Interest shall begin to accrue on the Petition Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 4: Allowed Secured Claims of Dallas County.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. Interest shall begin to accrue on the Petition Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 5: Allowed Secured Claims of Silver Hill Funding.** This Claim will be paid in full in 60 equal monthly installments of principal and interest at the rate of 5.5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 6: Allowed Secured Claims of T Bank, N.A.** This Claim will be paid in full in 60 equal monthly installments of principal and interest at the rate of 5.5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 7: Allowed Secured Claims of Prime Consulting, LLC.** This Claim will be paid in full in 60 equal monthly installments of principal and interest at the rate of 5.5% per annum. Payments will commence on the first day of the first month following the Effective Date and continue on the first day of each month thereafter until paid in full. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 8: Allowed General Unsecured Claims:** Class 8 Claimants shall be paid 100% of their Claims over 36 months from the Effective Date, without interest. These Claims will be paid in equal monthly installments of principal and interest commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter. These Claims are Impaired, and the holders of these Claims are entitled to vote to accept or reject the Plan.

**Class 9: Equity Interests.** Class 9 Equity Interests shall be retained.

### 6.5    Implementation of the Plan

    **a.    Source of Payments.** The Debtor intends to make all payments required under the Plan from available cash and income from the business operations of the Debtor.

    **b.    Risk Factors.** *Consider carefully the factors set forth below and the other information set forth in this Plan prior to voting on the Plan. These risk factors should not, however, be regarded as constituting the only risks involved with the Plan and its implementation.*

    <u>Bankruptcy Considerations.</u> Although the Debtor believe that the Plan satisfies all requirement necessary for Confirmation, there can be no assurance that the Court will reach the same conclusion. Moreover, there can be no assurance that modifications of the Plan will not be required for Confirmation or that such modifications would not necessitate the re- solicitation of votes to accept the Plan as modified.

### 6.6    Feasibility of the Plan

The Debtor believes that the Plan is feasible because all creditors with Allowed Claims will be paid under fair and equitable terms.  Projections for the feasibility of the Plan are attached hereto as **Exhibit "3"** and incorporated herein by this reference.

### 6.7    Provisions Regarding Distributions and Objections to Claims

    **a.    Time of Payment.** The first month in which payments will be made under this Plan will be as provided by the terms of this Plan.

    **b.    Delivery of Payment.** All payments or distributions required under this Plan shall be made to holder of the applicable Claim at: (i) the address set forth on the Proofs of Claim filed by such holders (or at the last known address of such holders if no Proof of Claim is filed or if the Debtor has been notified of a change of address); (ii) the address set forth in any written notices of address change delivered to the Debtor after the date of any related Proof of Claim; or (iii) if neither of the foregoing is applicable, at the addresses reflected in the Debtor' bankruptcy schedules, unless otherwise agreed to by the holder of such Claim and the Debtor.

    **c.    Confirmation under Section 1191(b) – Distributions by Trustee.**  If the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the Trustee shall serve as the payment administrator pursuant to 11 U.S.C. section 1194(b) for the purpose of making distributions under the Plan and shall be compensated for their work as payment administrator at the same hourly rate as may be approved by the Court for his pre-Confirmation work in this Case.  The Debtor shall submit such funds as are necessary for the Trustee to make distributions under the Plan no later than seven (7) days prior to the date such distributions are due.

**d.      No Distribution Pending Allowance or Estimation of Claims.** No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim or Allowed Interest, as determined by Final Order. No holder of a Claim shall be entitled to any payment under the Plan if such holder has retained property of the Estate.

**e.      Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of prepetition Claims at any time prior to sixty (60) days after the Effective Date or, as to Claims based upon the Debtor's rejection pursuant to this Plan of an executory contract or unexpired lease, at any time prior to thirty (30) days after the filing of any such rejection Claim. Any Proof of Claim filed after the Bar Date shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; provided, however, that the Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

**f.      Suspension of Payments on Disputed Claims.** If any Claim has been objected to within the time required, the Debtor shall segregate and set aside, from the funds on hand for distribution to the Claimant's Class, funds sufficient to satisfy the payment otherwise due on the Claim according to the provisions of the Plan. In the event that the claim objection is overruled or a dispute is resolved favorably to the party asserting the Claim, then the funds shall be paid to the Creditor in accordance with applicable Class provisions. If the Disputed Claim is disallowed, the funds segregated in deference to the Claim shall be disbursed to other parties in interest, according to the applicable provisions of the Plan.

## 6.8    Executory Contracts

**a.      General Provisions.** "Assumption" of an executory contract or unexpired lease means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any. If you object to the assumption, and if applicable assignment, of your unexpired lease or executory contract under the Plan, the proposed cure of any defaults, or the adequacy of assurance of performance, you must file and serve your objection to the Plan within the deadline for objecting to Confirmation, unless the Court has set an earlier time.

**b.      General Rejection of Executory Contracts and Unexpired Leases.** Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this section of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, or that were entered after the Petition Date, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

  **c.**  **Assumption of unexpired leases.** The Debtor hereby assumes the following unexpired leases of real property of which the Debtor is the owner/landlord:

Lease of premises located at 1910 Forest Lane, Garland, TX.

Lease of premises located at 1820 Forest Lane, Garland, TX.

Lease of premises located at 1840 Forest Lane, Dallas, TX.

## ARTICLE VII.  RESERVATION OF CLAIMS

### 7.1  Reservation of Claims and Causes of Action

Any and all claims, causes of action, cross claims, or counterclaims listed in the Debtor's Schedules attached hereto or otherwise held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor have or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Debtor as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor' Schedules and Statements.

### 7.2  Return of Fraudulent Transfers

Any Creditor determined to have received a transfer that is voidable pursuant to sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code or any other applicable law shall be required to remit to the Debtor the determined amount of the avoided transfer prior to receiving any distribution under this Plan.

## ARTICLE VIII.  EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION

### 8.1     Vesting of Property

On the Confirmation Date of the Plan, all property of the Estate shall vest in the Debtor pursuant to sections 1141(b) and (c) of the Bankruptcy Code, free and clear of all Claims and interests except as otherwise provided in this Plan. This Plan will evidence the release of any and all Liens or encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan.

### 8.2     Plan Creates New Obligations

Except as otherwise provided in the Plan, (1) the payment terms promised in the Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations other than those new payment terms continue to apply.

### 8.3     Legal Binding Effect

The provisions of this Plan shall bind all holders of Claims and interests, whether or not they accept this Plan.

### 8.4     Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before Confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 5 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### 8.5     Satisfaction of Claims and Interests

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor, including Claims arising prior to the Effective Date.

### 8.6     Modification of the Plan

**a.     Prior to Confirmation.** The Debtor may modify this Plan at any time prior to Confirmation, provided the modification complies with the requirements of sections

1122, 1123 and 1127 of the Bankruptcy Code. Upon the filing of any such modifications with the Bankruptcy Court, the Plan, as modified, becomes the Plan.

**b.      After Confirmation.** The Debtor may modify the Plan at any time after Confirmation, upon compliance with Bankruptcy Code § 1127. The Debtor or their attorney shall provide notice of any such proposed modification to all Creditors and other parties in interest in these Chapter 11 proceedings. If, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interest of the Creditors, the Bankruptcy Court may modify the Plan without notice to Creditors or may modify the Plan upon notice only to those Creditors that the Bankruptcy Court deems to be materially and adversely affected.

## 8.7    <u>Retention of Jurisdiction</u>

The Bankruptcy Court shall retain jurisdiction over this Bankruptcy Case after Confirmation of the Plan to the fullest extent provided for, or allowed, under the Bankruptcy Code and other applicable law. Specifically, but not by way of limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

**a.**      to consider and effect any modification of this Plan under Bankruptcy Code § 1127;

**b.**      to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

**c.**      to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

**d.**      to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

**e.**      to hear and determine all causes of action;

**f.**      to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

**g.**      to make such Orders as are necessary and appropriate to carry out and implement the provisions of this Plan; including to effect the further assurances provided in this Plan;

**h.**      to approve the reasonableness of any payments made or to be made, within the meaning of Bankruptcy Code § 1129(a)(4);

     **i.**     to exercise the jurisdiction granted pursuant to sections 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

     **j.**     to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan; and

     **k.**     to determine any and all motions, applications, adversary proceedings and Contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Debtor.

Nothing contained herein shall be construed to limit the rights of the Debtor to commence or prosecute any claim in any court of competent jurisdiction.

## ARTICLE IX.  MISCELLANEOUS PROVISIONS

### 9.1    Request for Relief Under Bankruptcy Code § 1129(b)

In the event any Impaired Class of Claims or Interests shall fail to accept this Plan in accordance with Bankruptcy Code § 1129(a), the Debtor requests that the Bankruptcy Court confirm this Plan in accordance with the provisions of Bankruptcy Code § 1129(b).

### 9.2    Headings

All headings utilized in this Plan are for convenience and reference only and shall not constitute a part of this Plan for any other purpose.

### 9.3    Due Authorization

Each and every Claimant who elects to participate in the distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of such Claim against the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claimant under this Plan.

### 9.4    Further Assurances and Authorizations

The Debtor shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions of, this Plan.

### 9.5    Applicable Law

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

**9.6**   **No Interest**

Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be Allowed on any Claim subsequent to the Petition Date.

**9.7**   **Post-Confirmation Actions**

After Confirmation, the Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of the Plan.

**9.8**   **Notices of Default**

In the event of a default under the Plan, the affected Claimant or its counsel shall provide notice to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have twenty (20) days to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default within 20 days after receipt of notice, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default. In the event of a third default, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice.

**9.9**   **Notices**

All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. A copy of all notices provided to the Debtor under this Plan shall be sent to: (i) the Debtor at 1910 Forest Lane Garland TX 75042, and (ii) the Debtor' attorney, Joyce W. Lindauer, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street. Suite 500 Dallas TX 75202 Telephone: (972) 503-4033; Fax: (972) 503-4034; Email: joyce@joycelindauer.com.

**9.10**   **Payment Dates**

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, except as may be provided in negotiable instruments requiring such payments.

**9.11**   **De Minimis Distribution**

No single distribution payment of less than $5.00 shall be required to be made to any holder of an Allowed Claim. Rather, any such de minimis distribution amount shall be held by the Debtor, added to the amount of the next distribution, and remitted to the holder of the Allowed Claim upon reaching a total greater than $5.00.

Dated: September 26, 2022.

                                                       Respectfully submitted,

                                                  */s/ Joyce W. Lindauer*
                                                  Joyce W. Lindauer
                                                  State Bar No. 21555700
                                                  Joyce W. Lindauer Attorney, PLLC
                                                  1412 Main St. Suite 500
                                                  Dallas, Texas 75202
                                                  Telephone: (972) 503-4033
                                                  Facsimile: (972) 503-4034
                                                  Attorneys for Debtor

                                                  */s/ Juan D. Favela*
                                                  Juan D. Favela in his capacity as President
                                                  of the Debtor

**Miscellaneous:**

22-31121-mvl11 Empire Prime Capital Investments Inc.

| | | | |
|---|---|---|---|
| Type: bk | Chapter: 11 v | Office: 3 (Dallas) | Filed: 06/27/2022 Closed: |
| Assets: y | Judge: mvl | Case Flag: REFORM, Subchapter_V | Reopen: Dismissed: Converted: Discharged: Dismissed(jdb): Discharged(jdb): |

Summary   History   Parties   Filers   Docket Sheet   Deadlines/Hearings   Status   Pending Motions   Creditors   Claims Register

### U.S. Bankruptcy Court

### Northern District of Texas

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 8/25/2022 at 4:02 PM CDT and filed on 8/25/2022

| | |
|---|---|
| **Case Name:** | Empire Prime Capital Investments Inc. |
| **Case Number:** | 22-31121-mvl11 |
| **Document Number:** | 26 |

**Docket Text:**
Debtor-In-Possession Monthly Operating Report for Filing Period June-July 2022 filed by Debtor Empire Prime Capital Investments Inc.. (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** July 2022.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=8/25/2022] [FileNumber=48076178-
0] [277c7c695f5464afbee9a53e7ae424ebf88a504d565135e84b047ab172558c5afc
ad71de53c0940d57cb329343c73a2b6c49a4abaf39ea76f0cea17dd112bb27]]

**22-31121-mvl11 Notice will be electronically mailed to:**

Christopher V. Arisco on behalf of Creditor T Bank, N.A.
carisco@padfieldstout.com

Katharine B. Clark -SBRA V
KClark@ThompsonCoburn.com,
smeiners@thompsoncoburn.com;lcarranza@thompsoncoburn.com;ldebardeleben@thompsoncoburn.com;KClark@ecf.axosfs.com;vbedgood@thompsoncoburn.com;dwhital

Joyce W. Lindauer on behalf of Debtor Empire Prime Capital Investments Inc.
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Linda D. Reece on behalf of Creditor City of Garland
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Linda D. Reece on behalf of Creditor Garland ISD
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Olivia.salvatierra@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie A. Spindler on behalf of Creditor Tarrant County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Olivia.salvatierra@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

**22-31121-mvl11 Notice will not be electronically mailed to:**

# EXHIBIT "1"

**Fill in this information to identify the case:**

Debtor Name Empire Prime Capital Investments Inc.

United States Bankruptcy Court for the: Northern District of Texas

Case number: 22-31121-mvl

☐ Check if this is an amended filing

## Official Form 425C

### Monthly Operating Report for Small Business Under Chapter 11    12/17

Month: __July 2022__

Line of business: __Rental Property__

Date report filed: __08/25/2022__
MM / DD / YYYY

NAISC code: _____

**In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.**

Responsible party: Juan D. Favela

Original signature of responsible party

Printed name of responsible party   Juan D. Favela

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | Yes | No | N/A |
|---|---|---|---|
| **If you answer _No_ to any of the questions in lines 1-9, attach an explanation and label it _Exhibit A._** | | | |
| 1. Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. Did you pay your employees on time? | ☐ | ☐ | ☑ |
| 5. Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☐ | ☑ | ☐ |
| 6. Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| **If you answer _Yes_ to any of the questions in lines 10-18, attach an explanation and label it _Exhibit B._** | | | |
| 10. Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name  Empire Prime Capital Investments Inc.       Case number 22-31121-mvl

17. Have you paid any bills you owed before you filed bankruptcy?     ☑   ☐   ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?     ☐   ☑   ☐

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.    $ _____ 0.00

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.    $ _____ 16,552.34 **

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.    − $ _____ 16,552.34 **

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.    + $ _____ 0.00

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.    = $ _____ 0.00

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**    $ _____ 0.00

    *(Exhibit E)*

** **Rents of $12,310 were deposited into the account of Jadeh Investments Inc.  Jadeh Investments Inc. made the mortgage payments totaling $16,552.34 and provided the deficiency of $4,242.34.  Relevant pages from the bank statement of Jadeh Investments Inc. are attached.**

Debtor Name Empire Prime Capital Investments Inc.

Case number 22-31121-mvl

---

### 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                               $ _____ 0.00

    *(Exhibit F)*

---

### 5. Employees

26. What was the number of employees when the case was filed?                    _____ 0

27. What is the number of employees as of the date of this monthly report?        _____ 0

---

### 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?         $ _____ 0.00

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $ _____ 0.00

30. How much have you paid this month in other professional fees?                             $ _____ 0.00

31. How much have you paid in total other professional fees since filing the case?             $ _____ 0.00

---

### 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | | Column B | | Column C |
|---|---|---|---|---|---|
|  | **Projected** | − | **Actual** | = | **Difference** |
|  | Copy lines 35-37 from the previous month's report. | | Copy lines 20-22 of this report. | | Subtract Column B from Column A. |
| 32. **Cash receipts** | $ 16,552.34 | − | $ 16,552.34 | = | $ 0.00 |
| 33. **Cash disbursements** | $ 16,552.34 | − | $ 16,552.34 | = | $ 0.00 |
| 34. **Net cash flow** | $ 0.00 | − | $ 0.00 | = | $ 0.00 |

35. Total projected cash receipts for the next month:                          $ 16,552.34

36. Total projected cash disbursements for the next month:                    − $ 16,552.34

37. Total projected net cash flow for the next month:                         = $ 0.00

---

Debtor Name  Empire Prime Capital Investments Inc.                    Case number 22-31121-mvl

---

 **8. Additional Information**

If available, check the box to the left and attach copies of the following documents.

☑ 38. Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐ 39. Bank reconciliation reports for each account.

☐ 40. Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41. Budget, projection, or forecast reports.

☐ 42. Project, job costing, or work-in-progress reports.

# Initiate Business Checking℠

June 30, 2022 ■ Page 1 of 5



EMPIRE PRIME CAPITAL INVESTMENTS INC
1910 FOREST LN
GARLAND TX 75042-7916

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
We accept all relay calls, including 711
**1-800-CALL-WELLS**  (1-800-225-5935)

*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (808)
P.O. Box 6995
Portland, OR  97228-6995

## Your Business and Wells Fargo

Visit wellsfargo.com/digitalbusinessresources to explore tours, articles, infographics, and other resources on the topics of money movement, account management and monitoring, security and fraud prevention, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |



## ✔ IMPORTANT ACCOUNT INFORMATION

We're making important changes to the terms and conditions of some of our accounts. If these changes affect you, they will be included in the Important Account Information section associated with your specific account.

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 6/1 | -$5.11 |
| Deposits/Credits | 15,898.00 |
| Withdrawals/Debits | - 15,892.89 |
| **Ending balance on 6/30** | **$0.00** |

Account number:        :3888
**EMPIRE PRIME CAPITAL INVESTMENTS INC**
*Texas/Arkansas account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 111900659

For Wire Transfers use
Routing Number (RTN): 121000248

June 30, 2022 ■ Page 2 of 5



**WELLS FARGO**

---

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

---

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|-------------|-------------|------------------|--------------------|--------------------|
| 6/1 | | Online Transfer From Jadeh Investments Inc Business Checking xxxxxx4188 Ref #Ib0Fh6Jbtc on 06/01/22 | 10.00 | | 4.89 |
| 6/6 | | Online Transfer From Jadeh Investments Inc Business Checking xxxxxx4188 Ref #Ib0Fjncvmj on 06/06/22 | 15,888.00 | | |
| 6/6 | | Community Ln Ser ACH Pmt 220601 0400023312 Empire Prime Capital | | 5,181.22 | |
| 6/6 | | Community Ln Ser ACH Pmt 220601 0400023307 Empire Prime Capital | | 5,342.60 | |
| 6/6 | | Community Ln Ser ACH Pmt 220601 0400023308 Empire Prime Capital | | 5,358.53 | 10.54 |
| 6/24 | | Online Transfer to Jadeh Investments Inc Business Checking xxxxxx4188 Ref #Ib0Fnr9Bjn on 06/23/22 | | 10.54 | 0.00 |
| **Ending balance on 6/30** | | | | | 0.00 |
| **Totals** | | | **$15,898.00** | **$15,892.89** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

---

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 06/01/2022 - 06/30/2022 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|
| The bank has waived the fee for this fee period. | | |

| How to avoid the monthly service fee | Minimum required | This fee period |
|---|---|---|
| Have any **ONE** of the following account requirements | | |
| · Average ledger balance | $1,000.00 | $7.00 ☐ |
| · Minimum daily balance | $500.00 | $0.00 ☐ |

C1/C1

---

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 4 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |



---

**Other Wells Fargo Benefits**

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.

#  IMPORTANT ACCOUNT INFORMATION

---

**Elimination of Returned Item (Non-sufficient Funds/NSF) Fee and Revised Daily Fee Limit:** Under the terms of your Deposit Account Agreement, when certain transactions are presented for payment in an amount that is more than your available balance, Wells Fargo may either (1) pay the item into overdraft at our discretion and assess an overdraft fee, or (2) return the item unpaid and assess a Returned Item/Non-sufficient funds (NSF) fee.

**Effective June 1, 2022,** we will no longer charge an NSF fee on items we return unpaid due to non-sufficient funds. **Overdraft fees will continue to apply to items we pay into overdraft at our discretion, under the terms of your Deposit Account Agreement (up to a maximum of four fees per business day for business accounts).** These changes do not impact fees that may be assessed by third parties or other banks for returned items.

For current versions of your Deposit Account Agreement, Business Account Fee and Information Schedule, and applicable addenda, please visit wellsfargo.com/biz/fee-information/.

To learn more about tools that Wells Fargo offers to help you avoid overdraft fees, visit wellsfargo.com/biz/help/faqs/overdraft-services, speak with a local banker, or call the phone number on the top of your statement.

---

**Elimination of Overdraft Protection transfer/advance fee(s):** Under the terms of your Deposit Account Agreement, we offer an optional Overdraft Protection service for checking accounts that allows you to link up to two eligible accounts (one savings, one credit) to authorize or pay transactions when you don't have enough money in your checking account. Transfers and advances of funds from these linked accounts may result in an Overdraft Protection transfer or advance fee.

**Effective June 1, 2022,** we will no longer charge transfer or advance fees for transfers/advances from accounts linked for Overdraft Protection. **For advances from a linked credit card or line of credit account, interest will continue to accrue from the date of each advance. Overdraft fees will continue to apply to items we pay into overdraft that are not covered by transfers/advances from your linked account(s).**

---

**Please note: Your account has an ending balance of zero as of the date of this statement. Accounts with a zero balance will continue to be charged applicable fees (like the monthly service fee) until you request to close your account. We may close an account with a zero balance on the fee period ending date or at month end without prior notification to you. Once an account is closed (either by you or us), no fees will be assessed on the account.**

- To prevent closure by us without notification, an account with a zero balance must have a qualifying transaction posted within the last two months of the most recent fee period ending date.
- Examples of qualifying transactions are deposits and withdrawals made at a branch, ATM, online, mobile, or via telephone; one-time and recurring transfers made at a branch, ATM, online, mobile, or via telephone; automatic or electronic deposits, such as from payroll or government benefits; automatic or electronic payments, including Bill Pay; one-time and recurring purchases or payments made using a card or mobile device; and checks paid from the account.
- Bank-originated transactions, like monthly service or other fees, are not considered qualifying transactions that will prevent closure of an account with a zero balance.

June 30, 2022 ■ Page 4 of 5



- If you do not plan to keep this account, we encourage you to redirect recurring deposits and payments to another account.

Questions? Please contact your banker or call the phone number appearing on your statement.

We appreciate your business. Thank you for choosing Wells Fargo.

June 30, 2022 ■ Page 5 of 5



## Important Information You Should Know

•  **To dispute or report inaccuracies in information we have furnished to a Consumer Reporting Agency about your accounts:** Wells Fargo Bank, N.A. may furnish information about deposit accounts to consumer reporting agencies. You have the right to dispute the accuracy of information that we have furnished to a consumer reporting agency by writing to us at Overdraft Collection and Recovery, P.O. Box 5058, Portland, OR 97208-5058. Please describe the specific information that is inaccurate or in dispute and the basis for the dispute along with supporting documentation. If you believe the information furnished is the result of identity theft, please provide us with an identity theft report.

•  **In case of errors or questions about other transactions (that are not electronic transfers):** Promptly review your account statement within 30 days after we made it available to you, and notify us of any errors.

•  **If your account has a negative balance:** Please note that an account overdraft that is not resolved 60 days from the date the account first became overdrawn will result in closure and charge off of your account. In this event, it is important that you make arrangements to redirect recurring deposits and payments to another account. The closure will be reported to Early Warning Services. We reserve the right to close and/or charge-off your account at an earlier date, as permitted by law. The laws of some states require us to inform you that this communication is an attempt to collect a debt and that any information obtained will be used for that purpose.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.
2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.
3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**
A. The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**
B. Any deposits listed in your          $ _____
register or transfers into              $ _____
your account which are not              $ _____
shown on your statement.             + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**
C. The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . . $ _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        | Total amount $    |        |

©2021 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

# Initiate Business Checking℠

July 31, 2022 ■ Page 1 of 4



EMPIRE PRIME CAPITAL INVESTMENTS INC
1910 FOREST LN
GARLAND TX 75042-7916

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
We accept all relay calls, including 711
**1-800-CALL-WELLS**  (1-800-225-5935)

*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:*  Wells Fargo Bank, N.A. (808)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargo.com/digitalbusinessresources to explore tours, articles, infographics, and other resources on the topics of money movement, account management and monitoring, security and fraud prevention, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

 IMPORTANT ACCOUNT INFORMATION

We're making important changes to the terms and conditions of some of our accounts. If these changes affect you, they will be included in the Important Account Information section associated with your specific account.

## Statement period activity summary

| | |
|---|---:|
| Beginning balance on 7/1 | $0.00 |
| Deposits/Credits | 10.00 |
| Withdrawals/Debits | - 10.00 |
| **Closing balance on 7/21** | **$0.00** |

Account number:     **3888**
EMPIRE PRIME CAPITAL INVESTMENTS INC
*Texas/Arkansas account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 111900659

For Wire Transfers use
Routing Number (RTN): 121000248

July 31, 2022  ■  Page 2 of 4



---

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

---

**Transaction history**

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 7/6 | | Online Transfer From Jadeh Investments Inc Business Checking xxxxxx4188 Ref #Ib0Frwlqbd on 07/06/22 | 10.00 | | 10.00 |
| 7/21 | | Account Close Cashier's Check | | 10.00 | 0.00 |
| **Ending balance on 7/31** | | | | | **0.00** |
| **Totals** | | | **$10.00** | **$10.00** | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transactions posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

---

This statement includes an account that has been closed and this is your final statement for that account. You will have 90 days to retrieve historical online documents for this account. Please refer to the Fee & Information Schedule for options to obtain statement copies after 90 days.

If the account that has been closed is the primary account on the statement that includes multiple accounts (a "combined statement"), this is also the final combined statement and you will also have 90 days to retrieve historical online documents for all accounts associated with this combined statement. Going forward, you will receive separate statements for any accounts that remain open.

Thank you for banking with Wells Fargo.

---

**Other Wells Fargo Benefits**

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.



# IMPORTANT ACCOUNT INFORMATION

---

Effective September 15, 2022, we are replacing the following paragraph in the "Special rules for new accounts" section of the Availability of Funds Policy in our Deposit Account Agreement:

The first $5,525 of a day's total deposits of cashier's, certified, teller's, and traveler's, and federal, state, and local government checks, and U.S. Postal Service money orders made payable to you will be available on the first business day after the day of your deposit.

July 31, 2022 ■ Page 3 of 4



---

The new paragraph is as follows:

The first $5,525 of a day's total deposits of cashier's, certified, teller's, traveler's, and federal, state, and local government checks, and U.S. Postal Service money orders made payable to you will be available on the first business day after the day of your deposit, if your deposit meets certain conditions. For example, the checks must be payable to you. If your deposit of these checks (other than U.S. Treasury checks) is not made in person to one of our employees, the first $5,525 may not be available until the second business day after the day of your deposit.

---

**Elimination of Returned Item (Non-sufficient Funds/NSF) Fee and Revised Daily Fee Limit:** Under the terms of your Deposit Account Agreement, when certain transactions are presented for payment in an amount that is more than your available balance, Wells Fargo may either (1) pay the item into overdraft at our discretion and assess an overdraft fee, or (2) return the item unpaid and assess a Returned Item/Non-sufficient funds (NSF) fee.

**Effective June 1, 2022,** we will no longer charge an NSF fee on items we return unpaid due to non-sufficient funds. **Overdraft fees will continue to apply to items we pay into overdraft at our discretion, under the terms of your Deposit Account Agreement (up to a maximum of four fees per business day for business accounts).** These changes do not impact fees that may be assessed by third parties or other banks for returned items.

For current versions of your Deposit Account Agreement, Business Account Fee and Information Schedule, and applicable addenda, please visit wellsfargo.com/biz/fee-information/.

To learn more about tools that Wells Fargo offers to help you avoid overdraft fees, visit wellsfargo.com/biz/help/faqs/overdraft-services, speak with a local banker, or call the phone number on the top of your statement.

---

**Elimination of Overdraft Protection transfer/advance fee(s):** Under the terms of your Deposit Account Agreement, we offer an optional Overdraft Protection service for checking accounts that allows you to link up to two eligible accounts (one savings, one credit) to authorize or pay transactions when you don't have enough money in your checking account. Transfers and advances of funds from these linked accounts may result in an Overdraft Protection transfer or advance fee.

**Effective June 1, 2022,** we will no longer charge transfer or advance fees for transfers/advances from accounts linked for Overdraft Protection. **For advances from a linked credit card or line of credit account, interest will continue to accrue from the date of each advance. Overdraft fees will continue to apply to items we pay into overdraft that are not covered by transfers/advances from your linked account(s).**

---

NEW YORK CITY CUSTOMERS ONLY -- Pursuant to New York City regulations, we request that you contact us at 1-800-TO WELLS (1-800-869-3557) to share your language preference.

July 31, 2022 ■ Page 4 of 4



## Important Information You Should Know

- **To dispute or report inaccuracies in information we have furnished to a Consumer Reporting Agency about your accounts:** Wells Fargo Bank, N.A. may furnish information about deposit accounts to consumer reporting agencies. You have the right to dispute the accuracy of information that we have furnished to a consumer reporting agency by writing to us at Overdraft Collection and Recovery, P.O. Box 5058, Portland, OR 97208-5058. Please describe the specific information that is inaccurate or in dispute and the basis for the dispute along with supporting documentation. If you believe the information furnished is the result of identity theft, please provide us with an identity theft report.

- **In case of errors or questions about other transactions (that are not electronic transfers):** Promptly review your account statement within 30 days after we made it available to you, and notify us of any errors.

- **If your account has a negative balance:** Please note that an account overdraft that is not resolved 60 days from the date the account first became overdrawn will result in closure and charge off of your account. In this event, it is important that you make arrangements to redirect recurring deposits and payments to another account. The closure will be reported to Early Warning Services. We reserve the right to close and/or charge-off your account at an earlier date, as permitted by law. The laws of some states require us to inform you that this communication is an attempt to collect a debt and that any information obtained will be used for that purpose.

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.
2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.
3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**
A. The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . . $ _____

**ADD**
B. Any deposits listed in your        $ _____
register or transfers into          $ _____
your account which are not          $ _____
shown on your statement.          + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . TOTAL $ _____

**SUBTRACT**
C. The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . – $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . . $ _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  | Total amount $ |  |

©2021 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

# Initiate Business Checking℠

July 31, 2022 ■ Page 1 of 7



JADEH INVESTMENTS INC
525 RIVER BIRCH TRL
GARLAND TX 75040-1166

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
We accept all relay calls, including 711
**1-800-CALL-WELLS** (1-800-225-5935)

*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (808)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargo.com/digitalbusinessresources to explore tours, articles, infographics, and other resources on the topics of money movement, account management and monitoring, security and fraud prevention, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

## ✔ IMPORTANT ACCOUNT INFORMATION

We're making important changes to the terms and conditions of some of our accounts. If these changes affect you, they will be included in the Important Account Information section associated with your specific account.

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 7/1 | |
| Deposits/Credits | |
| Withdrawals/Debits | |
| **Ending balance on 7/31** | |

Account number:       4188
JADEH INVESTMENTS INC
*Texas/Arkansas account terms and conditions apply*
For Direct Deposit use
Routing Number (RTN)
For Wire Transfers use
Routing Number (RTN):

July 31, 2022 ■ Page 2 of 7



---

**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

---

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| | | | 6,000.00 | | |
| 7/1 | | eDeposit IN Branch/Store 07/01/22 11:09:05 Am 3432 W Buckingham Rd Garland TX 6217 | 8,200.00 | | |
| 7/1 | | | | | |
| 7/1 | | ATM Check Deposit on 07/01 2601 Lakeview Pkwy Rowlett TX 0003370 ATM ID 0116G Card 6217 | 4,100.00 | | |
| 7/1 | | | | | |
| 7/1 | | | | | |
| 7/1 | | | | | |
| 7/1 | | | | | |
| 7/1 | | | | | |
| 7/1 | | | | | |
| 7/5 | | | | | |
| 7/5 | | | | | |
| 7/5 | | | | | |
| 7/5 | | | | | |
| 7/5 | | | | | |
| 7/5 | | | | | |
| 7/5 | | | | | |
| 7/5 | | | | | |
| 7/6 | | | | | |
| 7/6 | | | | | |
| 7/6 | | | | | |
| 7/6 | | | | | |
| 7/6 | | | | | |
| 7/7 | | | | | |
| 7/8 | | | | | |
| 7/8 | | | | | |
| 7/11 | | | | | |
| 7/11 | | | | | |

July 31, 2022 ■ Page 3 of 7



---

### Transaction history(continued)

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|---|---|---|---|---|---|
| 7/11 | | | | | |
| 7/11 | | | | | |
| 7/12 | | | | | |
| 7/12 | | | | | |
| 7/12 | | | | | |
| 7/12 | | | | | |
| 7/12 | | | | | |
| 7/13 | | | | | |
| 7/13 | | | | | |
| 7/13 | | | | | |
| 7/13 | | Community Loan Communityl 220713 0400023312 Eric Rioja | | 5,404.55 | |
| 7/13 | | Community Loan Communityl 220713 0400023307 Eric Rioja | | 5,565.93 | |
| 7/13 | | Community Loan Communityl 220713 0400023308 Eric Rioja | | 5,581.86 | |
| 7/14 | | | | | |
| 7/14 | | | | | |
| 7/14 | | | | | |
| 7/15 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/18 | | | | | |
| 7/19 | | | | | |
| 7/19 | | | | | |
| 7/20 | | | | | |
| 7/20 | | | | | |
| 7/20 | | | | | |
| 7/21 | | | | | |
| 7/21 | | | | | |
| 7/22 | | | | | |
| 7/22 | | | | | |

**Miscellaneous:**

22-31121-mvl11 Empire Prime Capital Investments Inc,

Type: bk                    Chapter: 11 v              Office: 3 (Dallas)
Assets: y                   Judge: mvl                 Case Flag: REFORM,
                                                       Subchapter_V

Filed: 06/27/2022    Closed:
Reopen:             Dismissed:
                    Dismissed(jdb):
Converted:          Discharged:
                    Discharged(jdb):

Summary  History  Parties  Filers  Docket Sheet  Deadlines/Hearings  Status  Pending Motions  Creditors  Claims Register

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 9/21/2022 at 3:05 PM CDT and filed on 9/21/2022
**Case Name:**        Empire Prime Capital Investments Inc.
**Case Number:**      22-31121-mvl11
**Document Number:**  35

**Docket Text:**
Debtor-In-Possession Monthly Operating Report for Filing Period August 2022 filed by Debtor Empire Prime Capital Investments Inc.. (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Empire Prime.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=9/21/2022] [FileNumber=48152845-
0] [88c2b5cc1e5295a9d84c2de512fbbae2007a2e5bef4e8f03647fc7e9bba591ef41
5789b2633e7fbb7c835feca8f06308887ba0110a3d724dbcdbf00261e1f0b0]]

**22-31121-mvl11 Notice will be electronically mailed to:**

Christopher V. Arisco on behalf of Creditor T Bank, N.A.
carisco@padfieldstout.com

Katharine B. Clark -SBRA V
KClark@ThompsonCoburn.com,
smeiners@thompsoncoburn.com;lcarranza@thompsoncoburn.com;ldebardeleben@thompsoncoburn.com;KClark@ecf.axosfs.com;vbedgood@thompsoncoburn.com;dwhital

Joyce W. Lindauer on behalf of Debtor Empire Prime Capital Investments Inc.
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Linda D. Reece on behalf of Creditor City of Garland
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Linda D. Reece on behalf of Creditor Garland ISD
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Laurie A Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Olivia.salvatierra@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie A Spindler on behalf of Creditor Tarrant County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Olivia.salvatierra@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

**22-31121-mvl11 Notice will not be electronically mailed to:**

Joyce W Lindauer
1412 Main Street Suite 500
Dallas, TX 75202

**Fill in this information to identify the case:**

Debtor Name Empire prime capital investments inc

United States Bankruptcy Court for the ___ northern ___   District of ___ texas ___ [▼]

Case number: 22-31121-mvl

☐ Check if this is an
amended filing

Official Form 425C

# Monthly Operating Report for Small Business Under Chapter 11    12/17

Month:  august 2022                    Date report filed: 09/21/2022
                                                          MM / DD / YYYY

Line of business: rental property              NAISC code:

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury
that I have examined the following small business monthly operating report and the accompanying
attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:            Juan D F avela

Original signature of responsible party

Printed name of responsible party    Juan D Favela

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

|  |  | Yes | No | N/A |
|---|---|---|---|---|
| | If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A*. | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☐ | ☑ | ☐ |
| 4. | Did you pay your employees on time? | ☐ | ☐ | ☑ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☐ | ☑ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B*. | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☑ | ☐ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

Debtor Name Empire prime capital investments inc                    Case number 22-31121-mvl

17.  Have you paid any bills you owed before you filed bankruptcy?                    ☑ ☐ ☐

18.  Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?    ☐ ☑ ☐

### 2. Summary of Cash Activity for All Accounts

19.  **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.                    $        70.94

20.  **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.                    $  12,300.00

21.  **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.                    − $  12,300.00

Report the total from *Exhibit D* here.

22.  **Net cash flow**

Subtract line 21 from line 20 and report the result here.                    + $        0.00
This amount may be different from what you may have calculated as *net profit*.

23.  **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.                    = $       70.94

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

### 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24.  **Total payables**                    $  16,552.34

   *(Exhibit E)*

Debtor Name Empire prime capital investments inc _____  Case number 22-31121-mvl _____

### 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. Total receivables                                                                $ _____0.00

    *(Exhibit F)*

### 5. Employees

26. What was the number of employees when the case was filed?                         _____0
27. What is the number of employees as of the date of this monthly report?            _____0

### 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?          $ _____0.00
29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?   $ _____0.00
30. How much have you paid this month in other professional fees?                                    $ _____0.00
31. How much have you paid in total other professional fees since filing the case?                  $ _____0.00

### 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A | | Column B | | Column C |
|---|---|---|---|---|---|
|  | **Projected** | − | **Actual** | = | **Difference** |
|  | Copy lines 35-37 from the previous month's report. | | Copy lines 20-22 of this report. | | Subtract Column B from Column A. |
| 32. Cash receipts | $ 16,552.34 | − | $ 12,300.00 | = | $ 0.00 |
| 33. Cash disbursements | $ 16,552.34 | − | $ 12,300.00 | = | $ 0.00 |
| 34. Net cash flow | $ 0.00 | − | $ 0.00 | = | $ 0.00 |

35. Total projected cash receipts for the next month:                                 $ 16,552.34
36. Total projected cash disbursements for the next month:                          − $ 16,552.34
37. Total projected net cash flow for the next month:                              = $ 0.00

Debtor Name  Empire prime capital investments inc                    Case number 22-31121-mvl

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐ 39.  Bank reconciliation reports for each account.

☐ 40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41.  Budget, projection, or forecast reports.

☐ 42.  Project, job costing, or work-in-progress reports.

# Initiate Business Checking℠

August 31, 2022 ■ Page 1 of 4



EMPIRE PRIME CAPITAL INVESTMENTS INC
DEBTOR IN POSSESSION
CH 11 CASE 22-31121 (NTX)
1910 FOREST LN
GARLAND TX 75042-7916

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
We accept all relay calls, including 711
**1-800-CALL-WELLS** (1-800-225-5935)

*En español:* 1-877-337-7454

*Online:* wellsfargo.com/biz

*Write:* Wells Fargo Bank, N.A. (808)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargo.com/digitalbusinessresources to explore tours, articles, infographics, and other resources on the topics of money movement, account management and monitoring, security and fraud prevention, and more.

## Account options

*A check mark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| | |
|---|---|
| Business Online Banking | ☑ |
| Online Statements | ☐ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

 IMPORTANT ACCOUNT INFORMATION

We're making important changes to the terms and conditions of some of our accounts. If these changes affect you, they will be included in the Important Account Information section associated with your specific account.

## Statement period activity summary

| | |
|---|---:|
| Beginning balance on 8/1 | $70.94 |
| Deposits/Credits | 0.00 |
| Withdrawals/Debits | - 0.00 |
| **Ending balance on 8/31** | **$70.94** |

Account number  **16**
EMPIRE PRIME CAPITAL INVESTMENTS INC
DEBTOR IN POSSESSION
CH 11 CASE 22-31121 (NTX)

*Texas/Arkansas account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 111900659

For Wire Transfers use
Routing Number (RTN): 121000248

August 31, 2022 ■ Page 2 of 4



**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility requirements please call the number listed on your statement or visit your Wells Fargo branch.

**Monthly service fee summary**

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 08/01/2022 - 08/31/2022 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

We waived the fee this fee period to allow you to meet the requirements to avoid the monthly service fee. This is the final period with the fee waived. For the next fee period, you need to meet one of the requirements to avoid the monthly service fee.

| How to avoid the monthly service fee<br>Have any **ONE** of the following account requirements | Minimum required | This fee period |
|---|---|---|
| · Average ledger balance | $1,000.00 | $71.00 ☐ |
| · Minimum daily balance | $500.00 | $70.94 ☐ |

C1/C1

**Account transaction fees summary**

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 0 | 100 | 0 | 0.50 | 0.00 |
| **Total service charges** | | | | | **$0.00** |

**Other Wells Fargo Benefits**

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.

 IMPORTANT ACCOUNT INFORMATION

**Elimination of Returned Item (Non-sufficient Funds/NSF) Fee and Revised Daily Fee Limit:** Under the terms of your Deposit Account Agreement, when certain transactions are presented for payment in an amount that is more than your available balance, Wells Fargo may either (1) pay the item into overdraft at our discretion and assess an overdraft fee, or (2) return the item unpaid and assess a Returned item/Non-sufficient funds (NSF) fee.

August 31, 2022 ■ Page 3 of 4



**Effective June 1, 2022,** we will no longer charge an NSF fee on items we return unpaid due to non-sufficient funds. **Overdraft fees will continue to apply to items we pay into overdraft at our discretion, under the terms of your Deposit Account Agreement (up to a maximum of four fees per business day for business accounts).** These changes do not impact fees that may be assessed by third parties or other banks for returned items.

For current versions of your Deposit Account Agreement, Business Account Fee and Information Schedule, and applicable addenda, please visit wellsfargo.com/biz/fee-information/.

To learn more about tools that Wells Fargo offers to help you avoid overdraft fees, visit wellsfargo.com/biz/help/faqs/overdraft-services, speak with a local banker, or call the phone number on the top of your statement.

---

**Elimination of Overdraft Protection transfer/advance fee(s):** Under the terms of your Deposit Account Agreement, we offer an optional Overdraft Protection service for checking accounts that allows you to link up to two eligible accounts (one savings, one credit) to authorize or pay transactions when you don't have enough money in your checking account. Transfers and advances of funds from these linked accounts may result in an Overdraft Protection transfer or advance fee.

**Effective June 1, 2022,** we will no longer charge transfer or advance fees for transfers/advances from accounts linked for Overdraft Protection. **For advances from a linked credit card or line of credit account, interest will continue to accrue from the date of each advance. Overdraft fees will continue to apply to items we pay into overdraft that are not covered by transfers/advances from your linked account(s).**

---

NEW YORK CITY CUSTOMERS ONLY -- Pursuant to New York City regulations, we request that you contact us at 1-800-TO WELLS (1-800-869-3557) to share your language preference.

---

**You no longer need to let us know when you travel**

Due to enhanced security technology, you no longer need to let us know when you plan to travel. Please make sure your contact information on Wells Fargo Online® is up to date so we may alert you if we find unusual activity.

August 31, 2022 ■ Page 4 of 4



---

## Important Information You Should Know

- **To dispute or report inaccuracies in information we have furnished to a Consumer Reporting Agency about your accounts:** Wells Fargo Bank, N.A. may furnish information about deposit accounts to consumer reporting agencies. You have the right to dispute the accuracy of information that we have furnished to a consumer reporting agency by writing to us at Overdraft Collection and Recovery, P.O. Box 5058, Portland, OR 97208-5058. Please describe the specific information that is inaccurate or in dispute and the basis for the dispute along with supporting documentation. If you believe the information furnished is the result of identity theft, please provide us with an identity theft report.

- **In case of errors or questions about other transactions (that are not electronic transfers):** Promptly review your account statement within 30 days after we made it available to you, and notify us of any errors.

- **If your account has a negative balance:** Please note that an account overdraft that is not resolved 60 days from the date the account first became overdrawn will result in closure and charge off of your account. In this event, it is important that you make arrangements to redirect recurring deposits and payments to another account. The closure will be reported to Early Warning Services. We reserve the right to close and/or charge-off your account at an earlier date, as permitted by law. The laws of some states require us to inform you that this communication is an attempt to collect a debt and that any information obtained will be used for that purpose.

---

## Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**
**A.** The ending balance
shown on your statement . . . . . . . . . . . . . . . . . . . . . . .  $ _____

**ADD**
**B.** Any deposits listed in your                      $ _____
register or transfers into                              $ _____
your account which are not                             $ _____
shown on your statement.                            + $ _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  TOTAL  $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  TOTAL  $ _____

**SUBTRACT**
**C.** The total outstanding checks and
withdrawals from the chart above . . . . . . . . . . . . . .  - $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B - Part C)
This amount should be the same
as the current balance shown in
your check register . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

| Number | Items Outstanding | Amount |
|--------|-------------------|--------|
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        |                   |        |
|        | **Total amount**  $ |        |

©2021 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

# Initiate Business Checking SM

August 31, 2022 ■ Page 1 of 7



JADEH INVESTMENTS INC
525 RIVER BIRCH TRL
GARLAND TX 75040-1166

## Questions?

*Available by phone 24 hours a day, 7 days a week:*
We accept all relay calls, including 711
1-800-CALL-WELLS  (1-800-225-5935)
*En español: 1-877-337-7454*

*Online: wellsfargo.com/biz*

*Write:* Wells Fargo Bank, N.A. (808)
P.O. Box 6995
Portland, OR 97228-6995

## Your Business and Wells Fargo

Visit wellsfargo.com/digitalbusinessresources to explore tours, articles, infographics, and other resources on the topics of money movement, account management and monitoring, security and fraud prevention, and more.

## Account options

*A checkmark in the box indicates you have these convenient services with your account(s). Go to wellsfargo.com/biz or call the number above if you have questions or if you would like to add new services.*

| Business Online Banking | ☑ |
| Online Statements | ☑ |
| Business Bill Pay | ☐ |
| Business Spending Report | ☑ |
| Overdraft Protection | ☐ |

 IMPORTANT ACCOUNT INFORMATION

We're making important changes to the terms and conditions of some of our accounts. If these changes affect you, they will be included in the Important Account Information section associated with your specific account.

## Statement period activity summary

| | |
|---|---|
| Beginning balance on 8/1 | $404.98 |
| Deposits/Credits | 41,403.13 |
| Withdrawals/Debits | - 41,258.18 |
| Ending balance on 8/31 | $549.93 |

Account number      4188
JADEH INVESTMENTS INC

*Texas/Arkansas account terms and conditions apply*

For Direct Deposit use
Routing Number (RTN): 111900659

For Wire Transfers use
Routing Number (RTN): 121000248

August 31, 2022 ◼ Page 2 of 7



**Overdraft Protection**

This account is not currently covered by Overdraft Protection. If you would like more information regarding Overdraft Protection and eligibility
requirements please call the number listed on your statement or visit your Wells Fargo branch.

## Transaction history

| Date | Check Number | Description | Deposits/ Credits | Withdrawals/ Debits | Ending daily balance |
|------|-------|-------------|---------|---------|---------|
| 8/1 | | Mobile Deposit : Ref Number :111010864675 | 4,200.00 | | |
| 8/1 | | Mobile Deposit : Ref Number :013010941841 | 4,000.00 | | |
| 8/1 | | Mobile Deposit : Ref Number :811010862732 | 10,000.00 | | |
| 8/1 | | Online Transfer to Favela Investments Inc. Business Checking xxxxxx7488 Ref #Ib0Fypdm9B on 07/30/22 | | 10.00 | |
| 8/1 | | Purchase authorized on 07/30 NEW Image Bridal A 214-2274100 TX S462211619240611 Card 6217 | | 18.00 | |
| 8/1 | | Purchase authorized on 07/30 Racetrac 183 Garland TX P582211630325618 Card 6217 | | 34.64 | |
| 8/1 | | Purchase authorized on 08/01 Shell Service Station Garland TX P302213589381531 Card 6217 | | 30.01 | 18,512.33 |
| 8/2 | | Recurring Payment authorized on 08/01 Farmers Electric C Farmerselectr TX S382213783635841 Card 6217 | | 495.00 | |
| 8/2 | | Purchase authorized on 08/02 WM Superc Wal-Mart Sup Rowlett TX P00000033465329 l Card 6217 | | 90.99 | |
| 8/2 | | Dfw Security Services 220801 1004019 Juan Favela | | 37.88 | 17,888.46 |
| 8/3 | | Cashed/Deposited Item Retn Unpaid Fee | | 12.00 | |
| 8/3 | | Deposited Item Retn Unpaid - Paper 220803 | | 10,000.00 | |
| 8/3 | | Purchase authorized on 08/03 The Home Depot 8951 Rowlett TX P582215614544074 Card 6217 | | 6.01 | |
| 8/3 | | Withdrawal Made In A Branch/Store | | 2,200.00 | |
| 8/3 | | Purchase authorized on 08/03 Express 1 Stop Quinlan TX P000000470159419 Card 6217 | | 5.37 | |
| 8/3 | | Purchase Return authorized on 08/03 The Home Depot 8951 Rowlett TX P30221560682659 7 Card 6217 | 11.13 | | 5,676.21 |
| 8/4 | | Purchase authorized on 08/03 Fas*Td Auto Financ 888-939-9876 MI S462215045939228 Card 6217 | | 1,259.70 | |
| 8/4 | < | Business to Business ACH Debit - Foremost Epm Pymt 080422 381S005972755 Juan Favela | | 193.81 | |
| 8/4 | 1342 | Check | | 1,600.00 | 2,622.70 |
| 8/5 | | ATM Withdrawal authorized on 08/05 10600 Forest Ln Dallas TX 0001438 ATM ID 0119L Card 6217 | | 1,000.00 | |
| 8/5 | | Withdrawal Made In A Branch/Store | | 1,500.00 | 122.70 |
| 8/9 | | Mobile Deposit : Ref Number :006090322606 | 4,100.00 | | |
| 8/9 | | Purchase authorized on 08/09 Murphy Express Dallas TX P000001708355 95 Card 6217 | | 53.55 | 4,169.15 |
| 8/10 | | Cash e Withdrawal in Branch/Store 08/10/2022 07:37 Am 2405 N Conway Ave Mission TX 6217 | | 500.00 | |
| 8/10 | | Purchase authorized on 08/10 Qt 4129 Outside Austin TX P302222717379870 Card 6217 | | 49.62 | 3,619.53 |
| 8/11 | | Purchase authorized on 08/10 Tst* Twisted Root Waco TX S582222766194049 Card 6217 | | 41.35 | |
| 8/11 | | Purchase authorized on 08/11 Murphy USA 7807 Rowlett TX P000000689877400 Card 6217 | | 30.00 | 3,548.18 |
| 8/12 | | Purchase authorized on 08/11 Coca Cola Fossil C Fort Worth TX S382223798215821 Card 6217 | | 2.80 | |
| 8/12 | | ATM Withdrawal authorized on 08/12 2601 Lakeview Pkwy Rowlett TX 0006791 ATM ID 0116G Card 6217 | | 200.00 | |
| 8/12 | 1343 | Check | | 517.76 | 2,827.62 |
| 8/15 | | Purchase authorized on 08/12 McDonald's F16696 Rowlett TX S382225077712602 Card 6217 | | 17.27 | |
| 8/15 | | ATM Withdrawal authorized on 08/13 5352 N Garland Ave Garland TX 0003189 ATM ID 0172I Card 6217 | | 300.00 | |
| 8/15 | | Purchase authorized on 08/13 The Home Depot 8951 Rowlett TX P302225654872459 Card 6217 | | 3.02 | |

August 31, 2022 ■ Page 3 of 7



WELLS
FARGO

## Transaction history (continued)

| Date | Check Number | Description | Deposits/Credits | Withdrawals/Debits | Ending daily balance |
|---|---|---|---|---|---|
| 8/15 | | Purchase authorized on 08/14 Saltgrass Rockwall Rockwall TX S5822267579S0343 Card 6217 | | 185.15 | |
| 8/15 | | Purchase authorized on 08/15 Family Dollar # Garland TX P00000007233205 Card 6217 | | 4.33 | |
| 8/15 | | Purchase authorized on 08/15 D Xpress Dallas TX P302227600385993 Card 6217 | | 10.00 | |
| 8/15 | | Purchase authorized on 08/15 Murphy Express Dallas TX P00000097124603 Card 6217 | | 40.02 | |
| 8/15 | | Purchase authorized on 08/15 Autozone 1552 5602 Rowie Rowlett TX P382227707277036 Card 6217 | | 18.39 | |
| 8/15 | | Purchase authorized on 08/15 Chevron/Gpm Petroleum L Garland TX P46227745868968 Card 6217 | | 20.00 | |
| 8/15 | | Purchase authorized on 08/15 Murphy USA 7807 Rowlett TX P00000007294 1333 Card 6217 | | 32.72 | |
| 8/15 | | Purchase authorized on 08/15 The Home Depot 8951 Rowlett TX P00000098768991 Card 6217 | | 21.38 | |
| 8/15 | | Purchase authorized on 08/15 Sherwin Williams 70742 Rowlett TX P00000097207B024 Card 6217 | | 27.60 | |
| 8/15 | | ATM Withdrawal authorized on 08/15 2601 Lakeview Pkwy Rowlett TX 0007942 ATM ID 0116G Card 6217 | | 1,000.00 | |
| 8/15 | | Fast Fork Specia ACH Collec 2886 Favela, Juan | | 95.76 | 1,051.98 |
| 8/16 | | Recurring Payment authorized on 08/15 Cricket Wireless 855-246-2461 FL S10222740216O373 Card 6217 | | 119.00 | |
| 8/16 | | Purchase authorized on 08/16 Ross Stores #1263 Rowlett TX P00000048407716 Card 6217 | | 39.98 | |
| 8/16 | | Purchase authorized on 08/16 Dollar Tr 5707 Liberty Rowlett TX P00000067222712 Card 6217 | | 6.77 | 886.23 |
| 8/17 | | Non-WF ATM Withdrawal authorized on 08/17 2918 S Jupiter Rd Garland TX 382229655472283 ATM ID NH1 10224 Card 6217 | | 103.00 | |
| 8/17 | | Non-Wells Fargo ATM Transaction Fee | | 2.50 | 780.73 |
| 8/18 | | Purchase authorized on 08/18 Murphy USA 7807 Rowlett TX P0000001763 17898 Card 6217 | | 50.00 | 730.73 |
| 8/19 | | Purchase authorized on 08/19 WM Supere Wal-Mart Sup Rowlett TX P00000007514465 Card 6217 | | 40.24 | |
| 8/19 | | Purchase authorized on 08/19 Qt 931 Inside Rowlett TX P46223183016O777 Card 6217 | | 51.94 | |
| 8/19 | | Purchase authorized on 08/19 Racetrac 183 Garland TX P46223186005S202 Card 6217 | | 20.10 | |
| 8/19 | 1344 | Check | | 500.00 | 118.45 |
| 8/22 | | Online Transfer From Favela Investments Inc. Business Checking xxxxxx7488 Ref #Ib0G6Bwgxl on 08/21/22 | 2.00 | | |
| 8/22 | | Recurring Payment authorized on 08/19 Farmers Electric C Farmerselectr TX S302231759521220 Card 6217 | | 50.00 | |
| 8/22 | | Purchase authorized on 08/21 Amazon Prime*3R604 Amzn Com/Bill WA S5822335396170000 Card 6217 | | 16.23 | |
| 8/22 | | Purchase authorized on 08/21 Racetrac 183 Garland TX P30223594791088 Card 6217 | | 12.99 | |
| 8/22 | | Purchase authorized on 08/21 Garland Nti Garland TX P58223369528262O Card 6217 | | 41.11 | 0.12 |
| 8/24 | | WT Fed #00420 City Nati I& Fiori 7Org=Jose LJulosyra PA Srf# 1692707 Trn#2208241 10596 Rb# | 16,090.00 | | |
| 8/24 | | Wire Trans Svc Charge - Sequence: 2208241 10596 Srf# 1692707 Trn#2208241 10596 Idb# | | 15.00 | |
| 8/24 | | ATM Withdrawal authorized on 08/24 2601 Lakeview Pkwy Rowlett TX 0000472 ATM ID 0116G Card 6217 | | 1,000.00 | |
| 8/24 | | Online Transfer to Favela Investments Inc. Business Checking xxxxxx7488 Ref #Ib0G6Myb on 08/24/22 | | 10,000.00 | 5,075.12 |
| 8/25 | | Purchase authorized on 08/24 WM Supercenter #40 Garland TX S382236709482297 Card 6217 | | 98.53 | 4,976.59 |
| 8/26 | | Purchase authorized on 08/24 LA Michoacana Dail Garland TX S46223678960442 Card 6217 | | 82.00 | |
| 8/26 | | Recurring Payment authorized on 08/25 TXI *Bill Payment 800-242-9113 TX S30223743346506O Card 6217 | | 518.07 | |

August 31, 2022 ■ Page 4 of 7



## Transaction history (continued)

| Date | Check Number | Description | Deposits/Credits | Withdrawals/Debits | Ending daily balance |
|---|---|---|---|---|---|
| 8/26 | | Purchase authorized on 08/25 Sq *Julian G Olald Wylie TX S382237600001283 Card 6217 | | 2,239.48 | |
| 8/26 | | Purchase authorized on 08/26 Recetrac 183 Garland TX P58223R559358958 Card 6217 | | 5.22 | 2,131.82 |
| 8/29 | | Online Transfer From Favela Investments Inc. Business Checking xxxxxx7488 Ref #Ib-0G84137Kon 08/29/22 | 3,000.00 | | |
| 8/29 | | Purchase authorized on 08/26 WM Supercenter #40 Garland TX S462238781408b55 Card 6217 | | 35.27 | |
| 8/29 | | Purchase authorized on 08/29 Murphy USA 7807 Rowlett TX P000000477280180 Card 6217 | | 41.21 | |
| 8/29 | 1346 | Deposited ORCashed Check | | 3,006.80 | |
| 8/29 | | Purchase authorized on 08/29 Wal-Mart Super Center Rowlett TX P000000380913162 Card 6217 | | 22.68 | 2,025.86 |
| 8/30 | | Purchase authorized on 08/27 Red Robin Gourmet 972-5304700 TXS382239778214484 Card 6217 | | 164.77 | |
| 8/30 | | Purchase authorized on 08/28 Wingstop #3 Buckin Garland TX S302240739503708 Card 6217 | | 58.44 | |
| 8/30 | | Check | | 1,200.00 | 602.65 |
| 8/31 | | Purchase authorized on 08/30 McDonald's F4583 Dallas TX S582242451340666 Card 6217 | | 15.34 | |
| 8/31 | | Purchase authorized on 08/30 Taqueria El Arquit Royse City TX S302242730682705 Card 6217 | | 33.05 | |
| 8/31 | | Purchase authorized on 08/31 Family Dollar # Garland TX P000000782584597 Card 6217 | | 4.33 | 549.93 |
| Ending balance on 8/31 | | | | | 549.93 |
| Totals | | | 41,403.13 | 41,258.15 | |

*The Ending Daily Balance does not reflect any pending withdrawals or holds on deposited funds that may have been outstanding on your account when your transaction posted. If you had insufficient available funds when a transaction posted, fees may have been assessed.*

< *Business to Business ACH: If this is a business account, this transaction has a return time frame of one business day from post date. This time frame does not apply to consumer accounts.*

## Summary of checks written (checks listed are also displayed in the preceding Transaction history)

| Number | Date | Amount | Number | Date | Amount | Number | Date | Amount |
|---|---|---|---|---|---|---|---|---|
| | 8/30 | 1,200.00 | 1343 | 8/12 | 517.76 | 1346 * | 8/29 | 3,006.80 |
| 1342 | 8/4 | 1,600.00 | 1344 | 8/19 | 500.00 | | | |

* *Gap in check sequence.*

## Items returned unpaid

| Date | Description | | | Amount |
|---|---|---|---|---|
| 8/5 | Pay Servicing ACH Pmts 080422 0898012367 Jadeh Investments Inc | Reference # | 242071756612999 | 9,231.45 |

## Monthly service fee summary

For a complete list of fees and detailed account information, see the disclosures applicable to your account or talk to a banker. Go to wellsfargo.com/feefaq for a link to these documents, and answers to common monthly service fee questions.

| Fee period 08/01/2022 - 08/31/2022 | Standard monthly service fee $10.00 | You paid $0.00 |
|---|---|---|

August 31, 2022 ■ Page 5 of 7



---

*Monthly service fee summary (continued)*

| | Minimum required | This fee period |
|---|---|---|
| How to avoid the monthly service fee | | |
| Have any ONE of the following account requirements | | |
| • Average ledger balance | $1,000.00 | $2,853.00 ⊕ |
| • Minimum daily balance | $500.00 | $0.12 ☐ |

C1/C1

## Account transaction fees summary

| Service charge description | Units used | Units included | Excess units | Service charge per excess units ($) | Total service charge ($) |
|---|---|---|---|---|---|
| Cash Deposited ($) | 0 | 5,000 | 0 | 0.0030 | 0.00 |
| Transactions | 24 | 100 | 0 | 0.50 | 0.00 |
| Total service charges | | | | | $0.00 |

---

Other Wells Fargo Benefits

Our National Business Banking Center customer service number 1-800-CALL-WELLS (1-800-225-5935) hours of operation have temporarily changed to 7:00 a.m. to 11:00 p.m. Eastern Time, Monday through Saturday and Sunday 9:00 a.m. to 10:00 p.m. Eastern Time. Access to our automated banking system, the ability to report a fraud claim on your business credit or debit card, and access to report a lost or stolen business card will continue to be available 24 hours a day, 7 days per week. Thank you for banking with Wells Fargo. We appreciate your business.

 **IMPORTANT ACCOUNT INFORMATION**

Elimination of Returned Item (Non-sufficient Funds/NSF) Fee and Revised Daily Fee Limit: Under the terms of your Deposit Account Agreement, when certain transactions are presented for payment in an amount that is more than your available balance, Wells Fargo may either (1) pay the item into overdraft at our discretion and assess an overdraft fee, or (2) return the item unpaid and assess a Returned Item/Non-sufficient funds (NSF) fee.

Effective June 1, 2022, we will no longer charge an NSF fee on items we return unpaid due to non-sufficient funds. Overdraft fees will continue to apply to items we pay into overdraft at our discretion, under the terms of your Deposit Account Agreement (up to a maximum of four fees per business day for business accounts). These changes do not impact fees that may be assessed by third parties or other banks for returned items.

For current versions of your Deposit Account Agreement, Business Account Fee and Information Schedule, and applicable addenda, please visit wellsfargo.com/biz/fee-information/.

To learn more about tools that Wells Fargo offers to help you avoid overdraft fees, visit wellsfargo.com/biz/help/faqs/overdraft-services, speak with a local banker, or call the phone number on the top of your statement.

August 31, 2022 ■ Page 6 of 7



Elimination of Overdraft Protection transfer/advance fee(s): Under the terms of your Deposit Account Agreement, we offer an optional Overdraft Protection service for checking accounts that allows you to link up to two eligible accounts (one savings, one credit) to authorize or pay transactions when you don't have enough money in your checking account. Transfers and advances of funds from these linked accounts may result in an Overdraft Protection transfer or advance fee.

Effective June 1, 2022, we will no longer charge transfer or advance fees for transfers/advances from accounts linked for Overdraft Protection. For advances from a linked credit card or line of credit account, interest will continue to accrue from the date of each advance. Overdraft fees will continue to apply to items we pay into overdraft that are not covered by transfers/advances from your linked account(s).

NEW YORK CITY CUSTOMERS ONLY -- Pursuant to New York City regulations, we request that you contact us at 1-800-TO WELLS (1-800-869-3557) to share your language preference.

You no longer need to let us know when you travel

Due to enhanced security technology, you no longer need to let us know when you plan to travel. Please make sure your contact information on Wells Fargo Online® is up to date so we may alert you if we find unusual activity.

August 31, 2022 ■ Page 7 of 7



WELLS
FARGO

### Important Information You Should Know

· To dispute or report inaccuracies in information we have furnished to a Consumer Reporting Agency about your accounts: Wells Fargo Bank, N.A. may furnish information about deposit accounts to consumer reporting agencies. You have the right to dispute the accuracy of information that we have furnished to a consumer reporting agency by writing to us at Overdraft Collection and Recovery, P.O. Box 5058, Portland, OR 97208-5058. Please describe the specific information that is inaccurate or in dispute and the basis for the dispute along with supporting documentation. If you believe the information furnished is the result of identity theft, please provide us with an identity theft report.

· In case of errors or questions about other transactions (that are not electronic transfers): Promptly review your account statement within 30 days after we made it available to you, and notify us of any errors.

· If your account has a negative balance: Please note that an account overdraft that is not resolved 60 days from the date the account first became overdrawn will result in closure and charge off of your account. In this event, it is important that you make arrangements to reduce recurring deposit and payments in another account. The closure will be reported to Early Warning Services. We reserve the right to close and/or charge-off your account at an earlier date, as permitted by law. The laws of some states require us to inform you that this communication is an attempt to collect a debt and that any information obtained will be used for that purpose.

### Account Balance Calculation Worksheet

1. Use the following worksheet to calculate your overall account balance.

2. Go through your register and mark each check, withdrawal, ATM transaction, payment, deposit or other credit listed on your statement. Be sure that your register shows any interest paid into your account and any service charges, automatic payments or ATM transactions withdrawn from your account during this statement period.

3. Use the chart to the right to list any deposits, transfers to your account, outstanding checks, ATM withdrawals, ATM payments or any other withdrawals (including any from previous months) which are listed in your register but not shown on your statement.

**ENTER**
A. The ending balance
shown on your statement ........................ $ _____

**ADD**
B. Any deposits listed in your
register or transfers into                    $ _____
your account which are not                    $ _____
shown on your statement.                    + $ _____

_____  TOTAL $ _____

**CALCULATE THE SUBTOTAL**
(Add Parts A and B)

_____  TOTAL $ _____

**SUBTRACT**
C. The total outstanding checks and
withdrawals from the chart above ............. – $ _____

**CALCULATE THE ENDING BALANCE**
(Part A + Part B – Part C)
This amount should be the same
as the current balance shown in
your check register ........................ $ _____

| Number | Items Outstanding | Amount |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  | Total amount $ |

©2022 Wells Fargo Bank, N.A. All rights reserved. Member FDIC. NMLSR ID 399801

**Schedules/Statements/New Case Deficiencies:**

22-31121-mvl11 Empire Prime Capital Investments Inc.

| | | | |
|---|---|---|---|
| Type: bk | Chapter: 11 v | Office: 3 (Dallas) | Filed: 06/27/2022   Closed: |
| Assets: y | Judge: mvl | Case Flag: REFORM, Subchapter_V | Reopen:   Dismissed:   Dismissed(jdb): |
| | | | Converted:   Discharged:   Discharged(jdb): |

Summary   History   Parties   Filers   Docket Sheet   Deadlines/Hearings   Status   Pending Motions   Creditors   Claims Register

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 7/8/2022 at 6:25 PM CDT and filed on 7/8/2022
**Case Name:**       Empire Prime Capital Investments Inc.
**Case Number:**     22-31121-mvl11
**Document Number:** 20

**Docket Text:**
Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor Empire Prime Capital Investments Inc. (RE: related document(s)[5] Notice of deficiency). (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Schedules(SlashS).PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=7/8/2022] [FileNumber=47927498-0
] [9baf9a7eaa10828434347a290b46f90d0ed63f558059b6db6d38d64259d65c005c0
85b5d0787182cc09ac75ce612ae7b9ddb2e254bef6d3d23c72cde356db52f]]

**22-31121-mvl11 Notice will be electronically mailed to:**

Christopher V. Arisco on behalf of Creditor T Bank, N.A.
carisco@padfieldstout.com

Katharine B. Clark -SBRA V
KClark@ThompsonCoburn.com,
smeiners@thompsoncoburn.com;lcarranza@thompsoncoburn.com;ldebardeleben@thompsoncoburn.com;KClark@ecf.axosfs.com;vbedgood@thompsoncoburn.com;dwhital

Joyce W. Lindauer on behalf of Debtor Empire Prime Capital Investments Inc.
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Linda D. Reece on behalf of Creditor City of Garland
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Linda D. Reece on behalf of Creditor Garland ISD
lreece@pbfcm.com, lreece@ecf.courtdrive.com

Laurie A. Spindler on behalf of Creditor Dallas County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com

Laurie A. Spindler on behalf of Creditor Tarrant County
Laurie.Spindler@lgbs.com, Dora.Casiano-Perez@lgbs.com;Michael.Alvis@lgbs.com;dallas.bankruptcy@lgbs.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

**22-31121-mvl11 Notice will not be electronically mailed to:**

**EXHIBIT "2"**

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case</strong></td></tr>
</table>

| | |
|---|---|
| Debtor name | **Empire Prime Capital Investments Inc.** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number (if known) | **22-31121-mvl** |

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property 12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest.  Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized.  In Schedule A/B, list any executory contracts or unexpired leases.  Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible.  If more space is needed, attach a separate sheet to this form.  At the top of any pages added, write the debtor's name and case number (if known).  Also identify the form and line number to which the additional information applies.  If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category.  List each asset only once.  In valuing the debtor's interest, do not deduct the value of secured claims.  See the instructions to understand the terms used in this form.

### Part 1: Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes.  Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**

   Current value of debtor's interest

2. **Cash on hand** _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1. **Wells Fargo Checking account** | **Checking account** | 3  8  8  8 | $10.00 |

4. **Other cash equivalents** *(Identify all)*

   Name of institution (bank or brokerage firm)

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets).  Copy the total to line 80.

   | |
   |---|
   | $10.00 |

### Part 2: Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes.  Fill in the information below.

Debtor  **Empire Prime Capital Investments Inc.**     Case number (if known) **22-31121-mvl**
Name

**7.  Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8.  Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9.  Total of Part 2.**
Add lines 7 through 8.  Copy the total to line 81.

Current value of
debtor's interest

**$0.00**

---

## Part 3:  Accounts receivable

**10.  Does the debtor have any accounts receivable?**

☑ No.  Go to Part 4.
☐ Yes.  Fill in the information below.

**11.  Accounts receivable**

Current value of
debtor's interest

11a.  90 days old or less:  _____  –  _____  =  ..............➜  _____
             face amount      doubtful or uncollectible accounts

11b.  Over 90 days old:  _____  –  _____  =  ..............➜  _____
             face amount      doubtful or uncollectible accounts

**12.  Total of Part 3**
Current value on lines 11a + 11b = line 12.  Copy the total to line 82.

**$0.00**

---

## Part 4:  Investments

**13.  Does the debtor own any investments?**

☑ No.  Go to Part 5.
☐ Yes.  Fill in the information below.

Valuation method
used for current value

Current value of
debtor's interest

**14.  Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15.  Non-publicly traded stock and interests in incorporated and unincorporated
businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:           % of ownership:

**16.  Government bonds, corporate bonds, and other negotiable and
non-negotiable instruments not included in Part 1**

Describe:

**17.  Total of Part 4**
Add lines 14 through 16.  Copy the total to line 83.

**$0.00**

---

## Part 5:  Inventory, excluding agriculture assets

**18.  Does the debtor own any inventory (excluding agriculture assets)?**

☑ No.  Go to Part 6.
☐ Yes.  Fill in the information below.

| Debtor | Empire Prime Capital Investments Inc. | Case number (if known) | 22-31121-mvl |
|---|---|---|---|
| | Name | | |

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **22. Other inventory or supplies** | | | | |

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84.

$0.00

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

☑ No.  Go to Part 7.
☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops--either planted or harvested** | | | |
| **29. Farm animals**  *Examples:* Livestock, poultry, farm-raised fish | | | |
| **30. Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85.

$0.00

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes.  Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes.  Book value _____  Valuation method _____  Current value _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

Debtor   **Empire Prime Capital Investments Inc.**                     Case number (if known)   **22-31121-mvl**
_____Name_____

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles** |

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

    ☒ No.  Go to Part 8.
    ☐ Yes.  Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

39. **Office furniture**

40. **Office fixtures**

41. **Office equipment, including all computer equipment and communication systems equipment and software**

42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
    Add lines 39 through 42.  Copy the total to line 86.

    | $0.00 |

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
    ☐ No
    ☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

| **Part 8:** | **Machinery, equipment, and vehicles** |

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

    ☒ No.  Go to Part 9.
    ☐ Yes.  Fill in the information below.

| **General description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

48. **Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.**
    Add lines 47 through 50.  Copy the total to line 87.

    | $0.00 |

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
    ☐ No
    ☐ Yes

Debtor  **Empire Prime Capital Investments Inc.**                Case number (if known)  **22-31121-mvl**
                       Name

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

## Part 9:  Real property

54. **Does the debtor own or lease any real property?**

    ☐ No.  Go to Part 10.
    ☑ Yes.  Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description<br>such as Assessor Parcel Number (APN),<br>and type of property (for example,<br>acreage, factory, warehouse, apartment or<br>office building), if available. | Nature and extent<br>of debtor's interest<br>in property | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current<br>value | Current value of<br>debtor's interest |
|---|---|---|---|---|
| 55.1. **1840 Forest Lane, Dallas, TX 75234**<br>**Dallas CAD 2021 valuation** | **Real Property** | | **Dallas CAD** | **$265,730.00** |
| 55.2. **1910 Forest Lane, Garland, TX 75042**<br>**Dallas CAD 2021 Valuation** | **Real Property** | | **Dallas CAD** | **$192,090.00** |
| 55.3. **1820 Forest Lane, Garland, TX 75042**<br>**Dallas CAD 2021 Valuation** | **Real Property** | | **Dallas CAD** | **$273,000.00** |
| 55.4. **4816 Tamanaco Court, Arlington, TX 76017**<br>**Tarrant CAD 2021 Valuation** | **Real Property** | | **Tarrant CAD** | **$329,890.00** |

56. **Total of Part 9.**
    Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.                   **$1,060,710.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
    ☑ No
    ☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

## Part 10:  Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

    ☑ No.  Go to Part 11.
    ☐ Yes.  Fill in the information below.

| General description | Net book value of<br>debtor's interest<br>(Where available) | Valuation method<br>used for current value | Current value of<br>debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |

| Debtor | Empire Prime Capital Investments Inc. | Case number (if known) | 22-31121-mvl |
|---|---|---|---|
| | Name | | |

**63.** Customer lists, mailing lists, or other compilations

**64.** Other intangibles, or intellectual property

**65.** Goodwill

**66.** **Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89.

$0.00

**67.** Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?
☐ No
☐ Yes

**68.** Is there an amortization or other similar schedule available for any of the property listed in Part 10?
☐ No
☐ Yes

**69.** Has any of the property listed in Part 10 been appraised by a professional within the last year?
☐ No
☐ Yes

## Part 11:  All other assets

**70.** Does the debtor own any other assets that have not yet been reported on this form?
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No.  Go to Part 12.
☑ Yes.  Fill in the information below.

Current value of
debtor's interest

**71.** Notes receivable

Description (include name of obligor)

**72.** Tax refunds and unused net operating losses (NOLs)

Description (for example, federal, state, local)

**73.** Interests in insurance policies or annuities

General Star Indemnity Company liability and commercial property insurance policy for property located at 1820 Forest Lane, Garland, TX - no cash value

$0.00

General Star Indemnity Company liability and commercial property insurance policy for property located at 1840 Forest Lane, Garland, TX and 1910 Forest Lane, Garland, TX - no cash value

$0.00

**74.** Causes of action against third parties (whether or not a lawsuit has been filed)

**75.** Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims

**76.** Trusts, equitable or future interests in property

**77.** Other property of any kind not already listed  *Examples:* Season tickets, country club membership

Security deposit for lease of premises located at 1840 Forest Lane, Dallas, Texas being held by Juan Favela

$2,800.00

Security deposit for lease of premises located at 1820 Forest Lane, Garland, Texas being held by Juan Favela

$2,400.00

Security deposit for lease of premises located at 1910 Forest Lane, Dallas, Texas being held by Juan Favela

$2,700.00

| Debtor | **Empire Prime Capital Investments Inc.** | | Case number (if known) | **22-31121-mvl** |
|---|---|---|---|---|
| | Name | | | |

**78. Total of Part 11.**
Add lines 71 through 77. Copy the total to line 90.

**$7,900.00**

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☑ No
☐ Yes

---

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | **$10.00** | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | |
| **83. Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| **84. Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$0.00** | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| **88. Real property.** *Copy line 56, Part 9* .............................................. ➡ | | **$1,060,710.00** |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| **90. All other assets.** *Copy line 78, Part 11.* | + **$7,900.00** | |
| **91. Total.** Add lines 80 through 90 for each column. 91a. | **$7,910.00** + 91b. | **$1,060,710.00** |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92 ....................................................................

**$1,068,620.00**